TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00271-CR






Robert Alba, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. 9044021, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N

 

 Robert Alba appeals from his conviction by a jury for the offense of injury to a child
with serious bodily injury and an affirmative finding of use of a deadly weapon during the
commission of the offense. See Tex. Pen. Code Ann. § 22.04 (West Supp. 2006). Alba argues that
the district court erred by failing to suppress his videotaped confession. We hold that the district
court properly admitted the confession and affirm the conviction.


BACKGROUND

 On November 20, 2002, Alba and his girlfriend, Olivia Monica Nino, took their
seven-week-old son to the emergency room after his babysitter informed them that she noticed that
their son's leg was swollen. At the time, Nino and Alba were not married but were living together
with both of their sons. The child's doctor discovered that the child had a fractured femur, an
unusual injury for a seven-week-old child. The doctor took a series of x-rays that revealed at least
ten additional bone fractures, including broken ribs and a fractured skull, in various stages of healing. 
Based on these results, Child Protective Services and the child abuse unit of the Austin Police
Department (APD) began an investigation to determine how the injuries occurred and if the child
was living in a safe environment. After the initial investigation, the child was removed from Nino
and Alba's care and placed with Nino's parents.

 The next day, Nino and Alba contacted APD to talk with Detective Taylor, the
detective assigned to their case. They decided to meet Taylor at his office the same day to discuss
the case. After arriving at the office, Taylor advised Alba of his rights and told him that he was free
to go at any time; Alba waived his rights and spoke with Taylor. During the interview, Alba told
Taylor that he accidently injured his child. He stated that he was holding his child as he stood up,
tripped over a toy, and fell with the child. After the interview concluded, Alba and Taylor made
arrangements to have a second interview.

 On December 2, 2002, Detective Stephenson joined Taylor to interview Alba. Taylor
and Stephenson informed Alba that he was not in custody and that he was free to leave at any time. 
Alba then waived his rights and began the interview. During the interview, Alba stated that he had
caused his child's injuries by squeezing him, shaking him, and repeatedly shoving him against the
wall. He also demonstrated these actions on a doll in the interview room. Alba was subsequently
charged with causing serious bodily injury to a child. Alba pleaded not guilty and filed a motion to
suppress the videotape of his statement during the second interview. The district court held a pretrial
hearing, overruled Alba's motion, and allowed the videotaped statement to be admitted at trial. A
jury found Alba guilty and assessed his punishment at twelve years in the Institutional Division of
the Texas Department of Criminal Justice. This appeal followed. 


DISCUSSION

 Alba contends that the district court erred in failing to suppress the videotaped
confession because the detectives (1) were threatening and coercive and (2) made
improper promises. 

 We review a trial court's ruling on a motion to suppress evidence under a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000);
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We will apply a deferential review
of the trial court's determination of the historical facts and a de novo review of the law's application
to those facts. See Carmouche, 10 S.W.3d at 327. When the trial court's rulings do not turn on the
credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed
questions of law and fact. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).

 A statement made by the accused may be used in evidence against him if it appears
that it was freely and voluntarily made without compulsion or persuasion. Tex. Code Crim. Proc.
Ann. art. 38.21 (West Supp. 2006); State v. Terrazas, 4 S.W.3d 720, 723 (Tex. Crim. App. 1999). 
Whether the accused's statement is voluntary is determined from all the circumstances surrounding
his making the statement. See Penry v. State, 903 S.W.2d 715, 748 (Tex. Crim. App. 1995), cert.
denied, 516 U.S. 977 (1995). A statement is not voluntary if there is "official, coercive conduct of
such a nature that any statement obtained thereby was unlikely to have been the product of an
essentially free and unconstrained choice by its maker." Alvarado v. State, 912 S.W.2d 199, 211
(Tex. Crim. App. 1995). 

Coercive and Threatening Statements

 First, Alba claims that his statement was not voluntary because Taylor and
Stephenson were threatening and coercive during his interview. Specifically, Alba contends that
Taylor and Stephenson told him that (1) "if you're not telling it truthful, we can't protect the child";
(2) "if you don't want us to help you, we're here to take the child" (1); (3) "[w]e're going to do
everything we can to you--to make sure the court punishes you to the fullest extent"; and
(4) "[t]hese kids need to be with their parents. [Their mother is] going to lose them--they're not
going to have either of you."

 At trial, Alba filed a supplemental motion to suppress his videotaped statement. 
During the suppression hearing, Taylor testified that Alba attended the interview of his own free will
and was free to leave at any time. The district court denied the motion and entered findings of fact
and conclusions of law. The court found that (1) Alba was not in custody and had not previously
been arrested in relation to this case when he made the statements in question, (2) the statement was
made freely and voluntarily, (3) the police did not engage in any conduct that was so coercive in
nature that Alba's free will was overborne, (4) the police did not threaten Alba with any physical
harm, and (5) the police did not make any promises that were of such an influential nature that Alba
would speak untruthfully. The court concluded that the videotaped statement was admissible as a
matter of law and fact. 

 The record supports the district court's findings that Alba was not in custody when
the statements were made. The video of the interview shows that, as soon as Alba entered the
interrogation room, Taylor and Stephenson told him that the door was open and unlocked. Although
they read him his rights, they reminded him that he could terminate the interview and leave at any
time. Alba then waived his rights and began the interview. 

 The record also supports the district court's findings that Alba's statement was made
voluntarily, that the police did not engage in conduct so coercive that it overcame Alba's free will,
and that the police did not threaten Alba. The video demonstrates that Alba confessed approximately
thirty minutes after the interview started. During the interview, Taylor and Stephenson never yelled
at Alba, never physically threatened him, and never made an improper statement of the law. 
Considering the allegedly improper statements in light of the all the surrounding circumstances, none
of the statements were of such a coercive or threatening nature as to make Alba's confession
involuntary. Further, although the officers made statements attempting to make Alba feel guilty or
remorseful, none of these statements were so coercive that Alba's free will would have been
overwhelmed. Because the record supports the district court's determination that Alba made the
statement freely and voluntarily, we conclude that the district court properly admitted Alba's
confession into evidence. Accordingly, we overrule Alba's first point.

Promises

 Second, Alba contends that his confession was not voluntary because he was
influenced by promises made to him by Taylor. Toward the end of the interview, Taylor said, "We'll
help you with the court. We'll talk to the District Attorney about it, because we'll tell them
you are cooperative." 

 It is unnecessary for us to consider whether the officer's statements were improper. 
For a promise to render a confession involuntary, the promise must be (1) of some benefit to the
defendant, (2) positive, (3) made or sanctioned by a person in authority, and (4) of such character
as would be likely to influence the defendant to speak untruthfully. Henderson, 962 S.W.2d at 564. 
The allegedly improper statements were made after Alba confessed to injuring his son on more than
one occasion and after Alba had demonstrated on a doll how he had injured the child, and Alba made
no additional inculpatory statements after the officer made the statements in question. Therefore,
the officer's statements did not persuade him to confess. Accordingly, we overrule Alba's
second point of error.


CONCLUSION

 Because we overrule all of Alba's issues on appeal, we affirm the judgment of
conviction entered by the district court.


 ____________________________________

 David Puryear, Justice


Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: November 29, 2006

Do Not Publish
1. Although Alba insists that the officer stated, "if you don't want us to help you, we're here
to take the child," our review of the video reveals that the officer said "if you don't want us to help
you, we're here to protect the child."